IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOM KHALECK,

       Plaintiff,                    No. CIV S-09-1726 DAD

     vs.

MICHAEL J. ASTRUE,               ORDER
Commissioner of Social Security,

       Defendant.
_____/

       This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security (the Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

       On March 31, 2006, plaintiff applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act), alleging that she became disabled on October 12, 2005 due to a heart condition, a mental problem, and back and chest pain. (Transcript (Tr.) at 93-111.) The application was denied on October 19, 2006. (Tr. at 52-53, 65-68.) On May 10, 2007, plaintiff filed a new application, alleging that she became disabled on

October 12, 2005, due to a heart condition and mental depression. (Tr. at 71-83.) The second application was denied initially on September 24, 2007 and upon reconsideration on December 20, 2007. (Tr. at 55-64.) A hearing was held before an Administrative Law Judge (ALJ) on September 2, 2008. (Tr. at 48-49, 259-78.) Plaintiff was represented at the hearing by an attorney and testified through an interpreter. (Tr. at 259-71.) A vocational expert also testified at the administrative hearing. (Tr. at 271-76.) In a decision issued on January 30, 2009, the ALJ found plaintiff not disabled. (Tr. at 13-25.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since May 10, 2007, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: mild degenerative disc disease, decreased vision, and depression (20 CFR 416.921).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.96(b) except she is limited to simple, repetitive tasks.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on September 16, 1962 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

/////

/////

      10. The claimant has not been under a disability, as defined in the Social Security Act, since May 10, 2007, the date the application was filed (20 CFR 416.920(g)).

(Tr. at 15-25.)

On April 22, 2009, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. at 5-9.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on June 22, 2009.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

/////

improper legal standard was applied in weighing the evidence, <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Yuckert</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in her motion for summary judgment. First, she asserts that the ALJ rejected the opinions of the examining psychiatrist without legitimate reasons for so doing and also rejected specific limitations assessed by the nonexamining state agency physician despite the fact that substantial weight was purportedly given to the latter

medical opinion. Second, plaintiff contends that the ALJ failed to properly assess her residual functional capacity (RFC) and failed to credit the testimony of the vocational expert (VE) in response to the hypothetical question that accurately reflected plaintiff's functional limitations. The court addresses each argument below.

I.    **Whether the ALJ Erred in Rejecting Medical Opinions**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990). A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. The ALJ need not give weight to a conclusory opinion supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (affirming rejection of a treating physician's "meager opinion" as conclusory, unsubstantiated by relevant medical documentation, and providing no basis for finding the claimant disabled); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830. An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor, the opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Id. at 830-31. "The opinion of a nonexamining physician cannot by itself

constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Id. at 831 (emphasis in original).

Here, plaintiff challenges the ALJ's treatment of the opinions of Patrick Wong, M.D., a psychiatrist who examined plaintiff for the state agency on September 1, 2007. (Tr. at 214-21.) Dr. Wong diagnosed plaintiff as suffering from depression, chronic and unchanging. (Tr. at 215-16.) The doctor noted that, as a result, plaintiff suffered at least moderate impairment in the following areas: ability to interact with co-workers and the public; ability to maintain an adequate pace and level of endurance over an 8-hour workday; ability to take directions from a supervisor; ability to withstand workplace stressors; ability to adapt to changes in the workplace; and ability to be consistently aware of safety issues or to address safety issues in the workplace. (Tr. at 216.) In Dr. Wong's opinion, plaintiff would also have difficulty carrying out simple as well as complex instructions. (Id.) Plaintiff's lack of acculturation after many years of living in the United States was considered by Dr. Wong to be a factor in plaintiff's limitations. (Id.)

Plaintiff argues that the ALJ improperly accorded Dr. Wong's opinions "reduced weight" on the stated grounds that "it appears the claimant was exaggerating her symptoms during the evaluation" and "[t]here are several inconsistencies." (Tr. at 20.) After citing a few examples of purported inconsistencies, the ALJ concluded that "Dr. Wong's opinion is not reliable as the claimant deliberately attempted to portray herself as mentally disabled, and her statements are directly contradicted by the evidence." (Tr. at 20.) In response to the ALJ's analysis, plaintiff points out that Dr. Wong is a Board Certified psychiatrist who rendered opinions based on a mental status examination and his professional training and expertise, not based on plaintiff's subjective reports. In fact, Dr. Wong specifically noted in his report that the interpreter – a friend of the family – was not of professional quality. (Tr. at 215.)

Notably, Dr. Wong did not discredit plaintiff's statements regarding her symptoms, did not find any evidence of malingering, and did not conclude that plaintiff was exaggerating any of her symptoms. He found her to be a marginal historian "despite the fact that

she tried to be cooperative" and described her as "unable to provide much effort."  (Tr. at 214-15.)

The court finds that Dr. Wong's opinion of plaintiff's mental limitations in 2007 is not contradicted by the opinion of any physician who treated or examined plaintiff.  The ALJ rejected Dr. Wong's opinions primarily on the basis of perceived inconsistencies in statements made by plaintiff at different times, generally through non-professional interpreters, and on the basis of Dr. Kyaw's comments regarding plaintiff's memory and ability to concentrate in 2005 and early 2006.  (See Ex. B-1F at 16-17 [tr. at 159-60] & Ex. B-11F at 4 [tr. at 233].)  The ALJ has failed to provide clear and convincing reasons for rejecting the examining psychiatrist's uncontradicted opinion concerning plaintiff's mental limitations.  See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("[A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."); Edlund v. Massanari, 253 F.3d 1152, 1159 (9th Cir. 2001) ("In sum, the ALJ appears to have relied on her doubts about [the claimant's] overall credibility to reject the entirety of [the examining psychologist's] report, including portions that [the psychologist] deemed to be reliable."); Regennitter v. Comm'r of Soc. Sec., 166 F.3d 1294, 1300 (9th Cir. 1999) (holding that substantial evidence did not support the ALJ's finding that examining psychologists took claimant's statements at face value where the examining psychologists' reports did not contain any indication that claimant was malingering or being deceptive).

The medical records before the ALJ provided extensive evidence of plaintiff's long history of depression, her symptoms, and ongoing treatment with medications commonly prescribed for depression.  (See tr. at 147, 158-60, 183, 185-86, 205, 241, 245-48.)  Although the ALJ also discounted plaintiff's mental health treatment on the ground that she received psychotropic medications through her primary care provider rather than from a mental health

specialist, courts have recognized that most psychiatric impairments are diagnosed and treated by primary care physicians, and there is no statutory or regulatory requirement that such treatment be provided by a psychiatrist or psychologist. See Lester, 81 F.3d at 833 (finding that a treating physician's opinion constituted "competent psychiatric evidence" which may not be discredited on the grounds that he was not a board certified psychiatrist); Sprague, 812 F.2d at 1232 (finding that duly licensed physicians may, under the laws of most states, practice and render psychiatric services, which include prescribing psychotropic medication and conducting psychotherapy).

Plaintiff also argues that the ALJ claimed to give substantial weight to the September 19, 2007 opinions of L.J. Gottschalk, M.D., a nonexamining state agency psychiatrist, but credited only that psychiatrist's conclusions that plaintiff could perform simple 1 to 2 step tasks not requiring significant interactions with the public, could deal with supervisors and co-workers, and could adapt to changes in work routine. (Tr. at 21, 224.) Plaintiff contends that the ALJ at the same time tacitly rejected Dr. Gottschalk's opinion of plaintiff's functional limitations, i.e., that plaintiff was moderately limited in her ability to understand and remember detailed instructions, carry out such instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number of lengthy rest periods, and interact appropriately with the general public. (Tr. at 222-24.)[1]

On this record, the court concludes that the ALJ did not offer clear and convincing reason for rejecting Dr. Wong's opinions regarding plaintiff's mental limitations or for disregarding the functional limitations suffered by plaintiff as found by Dr. Gottschalk. In the

---

[1] The court finds that the ALJ did note plaintiff's moderate difficulties in maintaining concentration, persistence or pace but did not address the moderate limitation on her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

absence of clear and convincing reasons for rejecting the medical opinions at issue, the court finds that plaintiff is entitled to summary judgment on her claim that the ALJ improperly rejected the opinions of consultative examiner Dr. Wong and state agency psychiatrist Dr. Gottschalk regarding plaintiff's functional limitations.

## II.     Whether the ALJ Erred in Assessing RFC and Posing Hypothetical Questions

Plaintiff also argues that the ALJ failed to properly assess her RFC, failed to pose a legally adequate hypothetical question to the VE, and failed to credit the VE's testimony in response to questions that accurately reflected plaintiff's functional limitations. The court agrees.

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id. See also Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001). The Commissioner may satisfy his burden of showing that the claimant can perform past relevant work or other types of work in the national economy by taking the testimony of a vocational expert. Burkhart, 856 F.2d at 1340; Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988).

Here, the court has determined that the ALJ improperly rejected the opinions of Dr. Wong and Dr. Gottschalk as to plaintiff's limitations. As a result of these errors, the ALJ failed to base plaintiff's RFC upon the whole record and reached the erroneous conclusion that plaintiff has the RFC to perform substantially all of the requirements of unskilled light work, with her lack of education being the sole reason that some of the unskilled light occupational base was eroded. (Tr. at 24.) If the rejected medical opinions discussed above had been properly credited, however, additional impairment-related limitations would have been reflected in the ALJ's final RFC assessment, in the hypothetical questions posed by the ALJ, and in the VE testimony that the ALJ ultimately relied upon. See Holohan v. Massanari, 246 F.3d 1195, 1208-09 (9th Cir. 2001) (holding that the ALJ is required to question a vocational expert in a manner
/////

that properly takes into account the limitations on the plaintiff's abilities to engage in various work-related functions).

Plaintiff notes that when counsel in the administrative proceedings included Dr. Wong's limitations in a hypothetical question, the VE testified that there would be no work such a hypothetical person could perform. (Tr. at 274-75.) The VE explained that Dr. Wong's limitations eliminated simple, repetitive tasks and that all jobs based on pace were moderately eroded. (Id.) When counsel inquired whether it was fair to say that jobs available for a person with plaintiff's limitations were generally production jobs where pace is a critical factor and interruptions during the workday would not be acceptable, the VE stated that was correct and the VE could not identify jobs which existed in significant numbers for such a person. (Tr. at 275-76.)

Plaintiff contends that if her limitations as assessed by Dr. Wong and Dr. Gottschalk had been properly credited, a finding of disability would have resulted on the basis of the VE's testimony. The court again agrees. The ALJ's failure to credit the opinions of Dr. Wong and Dr. Gottschalk led to the erroneous exclusion of significant limitations from the ALJ's determination of plaintiff's RFC and from the hypothetical question posed and relied upon by the ALJ. It is evident from the VE's testimony in response to a hypothetical question that included the appropriate limitations that, when the effects of her impairments are properly considered, plaintiff is not capable of performing any work on a sustained basis, and there are no jobs in the national economy that she can perform.

## CONCLUSION

The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court. Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). The Ninth Circuit has stated that, "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed."

Ghokassian, 41 F.3d at 1304 (citing Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule recognizes the importance of expediting disability claims. Holohan, 246 F.3d at 1210; Ghokassian, 41 F.3d at 1304; Varney, 859 F.2d at 1401.

Here, it is plain that no useful purpose would be served by further administrative proceedings.  Plaintiff filed her most recent application for SSI more than three years ago.  The record in this matter has been fully developed.  The VE's answers to hypothetical questions posed by plaintiff's counsel at the administrative hearing affirmatively establish that plaintiff is unable to perform a significant range of jobs in the national economy.  Had the ALJ based his decision on the VE's testimony in response to accurate hypothetical questions, the ALJ would have found plaintiff entitled to benefits as of her application date.  See Lingenfelter v. Astrue, 504 F.3d 1023, 1041 (9th Cir. 2007) (finding the claimant entitled to benefits where he needed to lie down two or three times each day for up to 45 minutes due to pain and where the vocational expert testified that there were no jobs available in the national economy in light of that limitation).

For all of the reasons discussed above, this matter will be remanded with the direction to award benefits on the ground that plaintiff has been under a disability, as defined by the Social Security Act, since May 10, 2007, the date on which the application at issue was filed. See Moore v. Comm'r of Soc. Sec. Admin, 278 F.3d 920, 925 (9th Cir. 2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); Ghokassian, 41 F.3d at 1304 (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 21) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 22) is denied;

3. The decision of the Commissioner of Social Security is reversed; and

/////

4. This case is remanded with the direction to award benefits as of May 10, 2007.

DATED: October 6, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/khaleck1726.order